IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DICK I. TAYLOR and ROBERT J. TAYLOR,<br><br>          Plaintiffs<br><br>     v.<br><br>CHIEF OF POLICE PHILLIP KEITH, DEPUTY POLICE CHIEF JAMES ROBERT COKER, CAPTAIN DAN DAVIS, and SERGEANT GORDON CATLETT, SR.,<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)    No. 3:99-cv-057<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### **MEMORANDUM OPINION**

This is a § 1983 First Amendment case brought by two Knoxville police officers who purportedly spoke out on a matter of public concern and implicated another police officer in police brutality allegations. Summary judgment was initially granted in favor of the defendants, but that summary judgment was reversed and the case settled upon its return to this court. The matter was settled under the condition that the plaintiffs would be treated as the prevailing parties in settlement only, but not

as prevailing parties in the litigation, and the court would award plaintiffs no less than 25% but no more than 75% of their reasonable lodestar attorney fees and costs.

It has been agreed that plaintiffs' lodestar attorney fees and costs will be calculated using the following formula:  Lodestar = (attorneys' hours times attorneys' hourly rate) plus costs.  The agreement of an award in the 25% to 75% range is intended to reflect the risk that the plaintiffs might not have prevailed in the litigation.

In setting this award, the court will determine the amount of plaintiffs' reasonable lodestar attorney fees and costs and the percentage of those fees to be awarded.  Upon a consideration of (a) the time records of plaintiffs' attorneys;  (b) memoranda and affidavits addressing the attorney fee issue;  (c) oral arguments; and (d) the existing court record, the court determines that the plaintiffs' attorneys' hours expended and attorneys' hourly rate (including the hourly rate of paralegals) are reasonable.  Accordingly, the lodestar amount is set at $187,115.31 (reflecting $182,562.50 plus $4,522.81 in costs).

In determining the fee in this case, a number of factors must be considered. The United States Supreme Court recognized the following factors as relevant in *Hensley v. Eckerhart* :

2

(1) the time and labor required;

(2) the novelty and difficulty of the question;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fees;

(6) whether the fee is fixed or contingent;

(7) time justifications imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Hensley*, 103 S.Ct. at 1937 n.3. It is critical that the court consider the relationship between the amount of fee awarded and the results obtained. *Hensley*, 103 S.Ct. at 1941.

3

In the instant case, the court finds it is reasonable to award the plaintiffs 65% of the lodestar amount. Significant time and labor were required to pursue this case by the plaintiffs' attorneys. The case involved important and novel First Amendment questions which required skilled civil rights attorneys. Plaintiffs' counsel undoubtedly could have lost other employment due to the acceptance of this case which they took on a contingency fee basis. The results obtained were significant not only for the individual plaintiffs but others with similar First Amendment concerns. The experience, reputation and ability of the plaintiffs' attorneys is high. These attorneys also faced a likelihood that they would receive virtually no return on the work they invested in the case.

Accordingly, the court sets the plaintiffs' attorney fees at 65% of the lodestar amount, or $121,624.95. In accordance with the agreed order of dismissal entered on January 4, 2006, the court will also enter a Final Order of Dismissal directing the case to be administratively closed.

Order accordingly.

                                                             **s/ James H. Jarvis**
                                               UNITED STATES DISTRICT JUDGE